UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**OLA KIRK**                                                                          **PLAINTIFF**

**VS.**                                       **CAUSE NO.: 3:14-CV-537-WHB-RHW**

**MISSISSIPPI DEPARTMENT OF**
**PUBLIC SAFETY, ET AL.**                                           **DEFENDANTS**

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF**
**DEFENDANTS SANTA CRUZ AND BERRY'S MOTION TO DISMISS**

**COME NOW** Albert Santa Cruz and Donnell Berry, two of the Defendants in the above styled and numbered cause, by and through counsel, and submit this their Memorandum of Authorities in Support of their Motion to Dismiss, and would show unto the court as follows:

**I. INTRODUCTION**

Kirk instituted this action against Defendants by filing a Complaint on July 10, 2014. Named as defendants are the Mississippi Department of Public Safety, Albert Santa Cruz, and Donnell Berry. Kirk contends that she has been subjected to sex and age discrimination. She asserts that the Defendants violated Title VII of the Civil Rights Act of 1967, the Age Discrimination in Employment Act, the Fourteenth Amendment, and 42 U.S.C. §1983.[1]

For the reasons which follow, it is clear that the claims against Santa Cruz and Berry should be dismissed because Kirk has failed to state a claim upon which relief

---

[1] Plaintiff's Complaint is unclear as to which claims are directed at which Defendant. Out of an abundance of caution, Defendants Santa Cruz and Berry assume that all claims are aimed at all Defendants.

can be granted against them.

## II. FRCP RULE 12(b)(6)

When, in any cause, it appears beyond a doubt that a plaintiff could prove no set of facts in support of his claims which would entitle him to relief, the complaint should be dismissed. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When evaluating a motion to dismiss, the court must assume everything in plaintiff's complaint is true and construe the allegations in the light most favorable to plaintiff. *H.J., Inc. v. Northwestern Bell Tel. Co*., 492 U.S. 229, 249-50 (1989). Further, a dismissal under 12(b)(6) is not warranted simply because "the district court believes the plaintiff is unlikely to prevail on the merits." *Clark v. Amoco Production Co*., 794 F.2d 967, 970 (5th Cir.1986). A 12(b)(6) dismissal is appropriate, however, when the complaint "on its face show[s] a bar to relief." *Id.* Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" to survive a rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqal*, 556 U.S. 662, 678 (2009). As set forth below, accepting all of the allegations in Kirk's complaint as true for the purposes of this motion, the Complaint fails to state a viable claim for relief against Santa Cruz and Berry.

## III. THERE IS NO INDIVIDUAL LIABILITY UNDER TITLE VII OR ADEA

Title VII provides in relevant part:

> It shall be an unlawful employment practice for an **employer** - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color,

religion, sex, or national origin...

42 U.S.C. §2000e-2(a) (emphasis added).  The statute defines "employer" as "a person engaging in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person."  *Id.* § 2-3(b).  Santa Cruz and Berry cannot be held personally liable under Title VII since they are not Plaintiff's employer.  *Davis v. State Department of Health*, 744 F.Supp. 756 (S.D.Miss. 1990).  Further, "[i]ndividuals are not liable under Title VII in either their individual or official capacities."  *Ackel v. National Communications, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir.2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir.2002)).  It has long been the law in the Fifth Circuit that individual public employees are exempt from liability under Title VII.  In *Clayton v. Orleans Parish Sch. Bd.*, 649 F.2d 1084 (5th Cir.1981), the court held that a supervisor who implemented a maternity leave policy that violated the terms of Title VII could not be held individually liable under the Act.  *See also, Harvey v. Blake*, 913 F.2d 226, 227-28 (5th Cir.1990) and *Grant v. Lone Star Co.*, 21 F.3d 649 (5th Cir.1994)(extending the exemption from personal liability under Title VII previously enjoyed by public employees to private employees).

Although Title VII defines the term employer to include "any agent" of an employer, *Id.* § 2000e(b), the Fifth Circuit does not interpret the statute as imposing liability for such a claim.  *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258 (5th Cir.1999); *Pfau v. Reed*, 125 F.3d 927, 935-36 (5th Cir.1997).  Congress extended the definition of an employer to include an agent in Section 2000e(b) simply to incorporate respondeat superior liability into Title VII.  *Grant v. Lone Star Co., supra*.

Similarly, the Age Discrimination in Employment Act states that "it shall be unlawful for **an employer**...to discharge any individual or otherwise discriminate against any individual...because of such individual's age."  29 U.S.C. § 623(a)(1) (emphasis added).  Kirk identifies her employer as the Mississippi Department of Public Safety throughout her Complaint.

Since Santa Cruz and Berry cannot be sued under Title VII or the ADEA, this portion of Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Therefore, these claims against Santa Cruz and Berry should be dismissed.

### IV. KIRK CANNOT MAINTAIN A CAUSE OF ACTION DIRECTLY UNDER THE CONSTITUTION OF THE UNITED STATES

Kirk alleges violations of the Fourteenth Amendment to the Constitution of the United States.  Prosecution of actions directly under the Constitution are only allowed in the absence of any other procedural vehicle as a matter of necessity in order to provide some means of seeking redress.  *Berger v. City of New Orleans*, 273 F.3d 1095 (5th Circuit 2001) (*per curiam*); *Hearth, Inc. v. Dept. of Pub. Welfare*, 617 F.2d 381, 382 (5th Cir. 1980) (*per curiam*).  The reluctance of courts to allow direct causes of action under the Constitution "stems from many concerns, not the least of which is our awareness that the framers of the Constitution saw fit to entrust the job of legislating to the Congress."  *Hearth, Inc.*, supra at 382.  When, as here, a statutory mechanism is available, a plaintiff is required to pursue his claims under its auspices.  *Id*. at 382-83.  *Berger, supra*.  Because Bryant has the option of pursuing her Fourteenth Amendment claims under 42 U.S.C. § 1983, she must do so in order to state a claim.

## V. THE OFFICIAL CAPACITY CLAIMS UNDER 42 U.S.C. §1983 FAIL

Dismissal of the claims based on 42 U.S.C. §1983 against Santa Cruz and Berry in their official capacity is also required. A §1983 claim against a governmental officer in his official capacity represents the same claim as the one against the governmental entity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). In such a case, the real party in interest is the entity, not the individual. *Id.* at 166. Since state officers assume the identity of the government that employs them, they are not "persons" for purposes of the suit. *Hafer v. Melo*, 502 U.S. 21, 27 (1991) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Accordingly, Kirk's official capacity claims under 42 U.S.C. §1983 against Santa Cruz and Berry should be dismissed.

## VI. SANTA CRUZ AND BERRY ARE ENTITLED TO QUALIFIED IMMUNITY.

The qualified immunity doctrine provides that "[p]ublic officials acting within the scope of their official duties are shielded from civil liability . . ." to the extent that "their conduct does not violate clearly established statutory of constitutional rights of which a reasonable person would have known." *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir.1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The defense of qualified immunity is available to state actors who are sued under 42 U.S.C. §1981 and 42 U.S.C. §1983. *See Foley v. University of Houston Sys.*, 355 F.3d 333, 338 (5th Cir.2003). Once the defense of qualified immunity is raised, the burden shifts to the plaintiff to overcome it. *Burnes-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir.1994); *Elliott v. Perez*, 751 F.2d 1472 (5th Cir.1985). This burden requires plaintiff to come forth with specific, relevant admissible facts showing (1) that his statutory or constitutional rights

5

were violated and (2) that the actions of defendant state actor was objectively unreasonable.

> [Plaintiff's] complaint must allege "with particularity **all** material facts on which [the claimant] contends he will establish his right to recovery, which will include detailed facts supporting the contention that the plea of immunity cannot be sustained."  (emphasis added).

*Morrison v. City of Baton Rouge*, 761 F.2d 242, 244-5 (5th Cir.1985), citing *Elliott*, at 1482.  Kirk has the burden to "state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." *Elliott v. Perez*, 751 F.2d 1472, 1473 (5th Cir.1985); *Schultea v. Wood*, 47 F.3d 1427 (5th Cir.1995); and *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 995 (5th Cir.1995) ("Heightened pleading demands more than bald allegations and conclusory statements.").  Kirk has failed to provide any factual detail and particularity regarding the basis for the claims against Santa Cruz and Berry.

Whether a state actor is entitled to be dismissed based on qualified immunity is determined by the following analysis: First, the court must "determine whether the plaintiff has alleged the deprivation of a constitutional right at all" *Kipps*, *supra* (quoting *Wilson v. Layne*, 526 U.S. 603, 609 (1999)); if the court so concludes, it must next "determine whether that right was clearly established at the time of the alleged violation." *Id.*  "Finally the court 'must determine whether the record shows that the violation occurred, or at least whether the defendant actually engaged in the conduct that violated the clearly established right'." *Id.*  (quoting *Morris .v Dearborne*, 181 F.3d

657, 666 (5th Cir.1999)).  Kirk has failed to allege the deprivation of a constitutional right.

If it is determined that the state actor's conduct was unconstitutional, then the court must decide whether the conduct was nonetheless 'objectively reasonable'." *Id.* Subjective intent, motive, or even outright animus are irrelevant to this determination just as good intent is not a defense to a violation of clearly establish law which is objectively unreasonable.  *Mendenhall v. Riser, et al.*, 213 F.3d 226 (5th Cir.2000), citing *Anderson v. Creighton*, 483 U.S. 635, 641 (1987) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 815-20 (1982).

Kirk alleges that she was subjected to sex and age discrimination in violation of the Equal Protection Clause.  "The Equal Protection Clause directs that all similarly circumstanced shall be treated alike."  *Plyler v. Doe*, 457 U.S. 202, 216 (1982).

The United States Supreme Court has established that a "class-of-one" cause of action is not cognizable under the Equal Protection Clause in the public employment context.  *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591 (2008).  Since Kirk was undisputedly employed by the Mississippi Department of Public Safety in the public employment context, her equal protection claims must fail as a matter of law under *Engquist*.  Consequently, Kirk has not adequately or at all alleged a violation of a "clearly established" constitutional right as to her equal protection claims.  Santa Cruz and Berry are entitled to qualified immunity from the purported equal protection claim.

## VII.  <u>CONCLUSION</u>

For all the above and foregoing reasons, Defendants Santa Cruz and Berry's

motion should be granted and they should be dismissed as parties for failure to state a claim upon which relief may be granted.

    RESPECTFULLY SUBMITTED, this the 5th day of August, 2014.

                      **ALBERT SANTA CRUZ AND DONNELL BERRY, Defendants**

         **BY:**    **JIM HOOD, ATTORNEY GENERAL STATE OF MISSISSIPPI**

         **BY:**    *s/ Peter W. Cleveland*
                  PETER W. CLEVELAND, MSB NO. 6301
                  SPECIAL ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3822
Facsimile: (601) 359-2003
pclev@ago.state.ms.us

## CERTIFICATE OF SERVICE

    I, Peter W. Cleveland, Special Assistant Attorney General for the State of Mississippi, do hereby certify that on this date I caused to be electronically filed the foregoing ***Memorandum of Authorities in Support of Defendants Santa Cruz and Berry's Motion to Dismiss*** with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    John M. Mooney, Jr.
    LAW OFFICES OF JOHN M. MOONEY, JR., PLLC
    208 Waterford Square, Ste. 100
    Madison, MS 39110

    **THIS**, the 5th day of August, 2014.

                                        *s/ Peter W. Cleveland*
                                        PETER W. CLEVELAND