IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OLA KIRK                            PLAINTIFF

V.                            CAUSE NO.3:14-CV-537-WHB-RHW

MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;
ALBERT SANTA CRUZ, CHAIRMAN OF THE
MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;
AND DONNELL BERRY, CHIEF OF THE MISSISSIPI
DEPARTMENT OF PUBLIC SAFETY                  DEFENDANTS

## RESPONSE TO MOTION TO DISMISS OF THE DEFENDANTS SANTA CRUZ AND BERRY

COMES NOW, the Plaintiff, **OLA KIRK**, and files this *Response to the Motion to Dismiss of Defendants Santa Cruz and Berry* and, in support would show unto the Court the following, to wit:

1. Defendants, **SANTA CRUZ** and **BERRY** have filed their *Motion to Dismiss* in this action and have alleged that they are entitled to a dismissal under *Rule 12 (b) (6) of the Federal Rules of Civil Procedure.*

2. Plaintiff Kirk contends that the *Complaint* filed in this action sets forth specific facts that support her claim and entitlement for relief; and the Court must consider all allegations from the *Complaint* as well as reasonable inferences to be drawn from it. [*Document Entry No. 1. Pgs. 1-33 and attachment.*]

3. Defendants are proper parties for the claims of sexual discrimination and age discrimination brought by Plaintiff Kirk that are in violation of federal and state law as set forth

1

in the *Complaint*. Defendants have been properly sued under 42 U.S.C. Section 1983 for their acts and conduct as set forth in the *Complaint* in violation of federal and state law.

4. Plaintiff Kirk can maintain an action directly under the Constitution and Fourteenth Amendment for injunctive and declaratory relief. The Supreme Court has recognized that the Fourteenth Amendment "is undoubtedly self-executing without ancillary legislation." *Civil Rights Cases, 109 U.S. 3, 20 (1883); and see also: Ex parte Young, 209 U.S. 123 (1908).*

5. Plaintiff Kirk has stated a claim *under 42 U.S.C. Section 1983* against Defendants Santa Cruz and Berry; and that Defendants Santa Cruz and Berry are not entitled to protection afforded by the doctrine of qualified immunity as to the claims of Plaintiff Kirk under *42 U.S.C. Section 1983* in their individual capacity.

6. Plaintiff Kirk would show that dismissal under *Rule 12 (b) (6)* as to Defendants Santa Cruz and Berry is not warranted in this action as Plaintiff Kirk has made *specific allegations* against the Defendants Santa Cruz and Berry; and that they engaged in such acts and conduct; and that they are liable under *42 U.S.C Section 1983* for those acts and conduct.

7. Defendants Santa Cruz and Berry deprived Plaintiff Kirk of her constitutionally protected rights as alleged in the Complaint. These violations were of both federal and state law; and the acts were engaged in intentionally by these defendants.

8. Defendants Santa Cruz and Berry are not entitled to qualified immunity under *42 U.S.C Section 1983*. The Defendants have stated "in general" and without any such *specificity* as to any claimed acts that would merit qualified immunity consideration by this Court.

9. Plaintiff Kirk would further show unto the Court that the *Complaint* filed in this action satisfies the requisites set forth in *Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868, 2009 U.S. LEXIS 3472, 77 U.S.L.W. 4387, 21 Fla. L. Weekly Fed. S 853, 73 Fed. R.*

*Serv. 3d (Callaghan) 837, 2009-2 Trade Cas. (CCH) P76785(U.S.,2009)*, where the Supreme Court held that a complaint must contain **sufficient factual matter**, accepted as true, to state a claim to relief that is plausible on its face. See also: **Fifth Third Bank v. Dudenhoeffer, 2014 U.S. LEXIS 4495, 2014 WL 2864481 (2014)** regarding the identification of several considerations to be reviewed in applying the pleading standard for **Fed. R. Civ. P. 12 (b) (6)** motions as determined by the Supreme Court.

10. In ruling on a *12(b) (6)* motion, the court may not go outside the pleadings, specifically the complaint in this case. "The Rule 12(b) (6) motion . . . only tests whether the claim has been adequately stated in the complaint." *5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990)*.

11. As the Fifth Circuit has stated, "We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas, 981 F.2d 237, 243 (5th Cir. 1993) (internal footnotes and citations omitted)*. See also, *Cinel v. Connick, 15 F.3rd 1338, 1341 (5th Cir. 1994)*.

12. Plaintiff Kirk would show that in *Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc., 170 F.R.D. 351, 1997 U.S. Dist. LEXIS 2050, RICO Bus. Disp. Guide P9245 (S.D. N.Y. 1997)*, the District Court, in addressing the **Rule 12 (b) (6) Motion**, recited in the decision that the "allegations… are drawn solely from the Complaint, and all affidavits and other materials are disregarded." The District Court made that ruling largely because the parties "have undertaken **no discovery** and their arguments are framed in terms of a *Rule 12 (b) 6*." *170 F.R.D. 351, 366*. [Emphasis added].

13. Plaintiff Kirk would show that there has been no discovery in this action and Plaintiff Kirk has not had an opportunity to address her claims before this Court.

14. Plaintiff Kirk would show that her *Complaint* on file and of record in this cause is attached hereto and marked *Exhibit "A"* and incorporated herein by reference.

15. Plaintiff Kirk would show that the facts and circumstances are more fully set forth in the *Memorandum of Authorities Supporting Plaintiff's Response to this Motion* being filed simultaneously with this *Response*.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully request this Court deny the *Defendants' Motion to Dismiss* and allow this matter to proceed toward a trial on the merits.

**FURTHERMORE**, Plaintiff Kirk requests this Court grant her attorney's fees for having to respond to this Motion.

**RESPECTFULLY SUBMITTED**, this the 3rd day of September, 2014.

          OLA KIRK, PLAINTIFF

          /s John M. Mooney, Jr.
          BY: JOHN M. MOONEY, JR.,
          HER ATTORNEY

JOHN M. MOONEY, JR.
LAW OFFICES OF JOHN M. MOONEY, JR., PLLC
208 Waterford Square, Suite 100
Madison, Mississippi 39110
Telephone: (601) 981-9555
Facsimile: (601) 981-7922
MBIN: 3431

**ATTORNEY FOR PLAINTIFF, OLA KIRK**

## CERTIFICATE OF SERVICE

I, John M. Mooney, Jr., do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to:

> Peter W. Cleveland
> Civil Litigation Division
> Post Office Box 220
> Jackson, Mississippi 39205-0220
> *pclev@ago.state.ms.us*

SO CERTIFIED, this the 3rd day of September, 2014.

By \s\ John M. Mooney, Jr.
JOHN M. MOONEY, JR.