## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**OLA KIRK**                                                                     **PLAINTIFF**

**V.**                                                         **CAUSE NO.3:14-CV-537-WHB-RHW**

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;**
**ALBERT SANTA CRUZ, CHAIRMAN OF THE**
**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;**
**AND DONNELL BERRY, CHIEF OF THE MISSISSIPI**
**DEPARTMENT OF PUBLIC SAFETY**                                **DEFENDANTS**

---

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' SANTA CRUZ AND BERRY'S MOTION TO DISMISS

---

**COMES NOW**, the Plaintiff, **OLA KIRK**, (hereinafter sometimes referred to as "*Plaintiff Kirk*"), by and through counsel, and files this "*Memorandum in Support of Plaintiffs' Response to Defendants' Motion to Dismiss*" and in responding to the pending "Motion" of the Defendants would show unto the Court the following, to-wit:

### INTRODUCTION

Plaintiff Kirk filed her *Complaint* against the Defendants, **MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY, SANTA CRUZ** and **BERRY** in this action. [*Docket Entry No. 1, pgs. 1 of 33 and attachments*].

Defendant Santa Cruz and Berry are officials of the Mississippi Department of Public Safety ("*MDPS*" or "*the Agency*") that are *state actors* as referenced in the Complaint in this action.

Defendants Santa Cruz and Berry have filed their pending "Motion to Dismiss" [*Docket Entry No. 7*] and allege that the *Complaint* filed in this action fails to state a claim for relief in

1

accordance with *Rule 12 (b) (6) of the Federal Rules of Civil Procedure* and applicable case law;
that these defendants are not proper parties to this litigation; and that they are protected under
qualified immunity in their individual capacity under *42 U.S.C. Section 1983*.

Plaintiff Kirk denies that the ***Complaint*** should be dismissed by this Court as to
Defendants Santa Cruz and Berry; and that the ***Complaint*** filed in this action states in ***specific***
***detail*** the acts and conduct that took place on the part of the individual Defendants, Santa Cruz
and Berry.

## STANDARD OF REVIEW AND DEFENDANT'S RULE 12 MOTION

Under the standards set forth in *Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.
Ed. 2d 868, 2009 U.S. LEXIS 3472, 77 U.S.L.W. 4387, 21 Fla. L. Weekly Fed. S 853, 73 Fed. R.
Serv. 3d (Callaghan) 837, 2009-2 Trade Cas. (CCH) P76785(U.S.,2009),* the Supreme Court has
held that a complaint must contain sufficient factual matter, accepted as true, to state a claim to
relief that is plausible on its face.

In *Ashcroft v. Iqbal, supra,* the Supreme Court held:

To survive a motion to dismiss, a complaint must contain sufficient factual matter,
accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct.
1955, 167 L. Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the defendant is liable for the
misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is
not akin to a "probability requirement," but it asks for more than a sheer possibility that a
defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent
with" a defendant's liability, it "stops short of the line between possibility and plausibility of
'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).

See also:  ***Fifth Third Bank v. Dudenhoeffer, 2014 U.S. LEXIS 4495 (2014)*** regarding
the identification of several factors that were to be considered in applying the pleading standard
for *Fed. R. Civ. Rule 12 (b) (6)* motions.

In *Smith v. North Bolivar Sch. Dist., 2008 U.S. Dist. LEXIS 75981 (N.D. Miss. 2008),* the
District Court held:

2

"A Rule 12(b) (6) motion is disfavored, and it is rarely granted. *Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986); Sosa v. Coleman, 646 F.2d 991, 993 (5th Cir. 1981).* Dismissal is never warranted because the court believes the plaintiff is unlikely to prevail on the merits. *Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).* Even if it appears an almost certainty that the facts alleged cannot be proved to support the claim, the complaint cannot be dismissed so long as the complaint states a claim. *Clark, 794 F.2d at 970; Boudeloche v. Grow Chem. Coatings Corp., 728 F.2d 759, 762 (5th Cir. 1984).*

"To qualify for dismissal under Rule 12(b) (6), a complaint must on its face show a bar to relief." *Clark, 794 F.2d at 970*; see also *Mahone v. Addicks Util. Dist., 836 F.2d 921, 926 (5th Cir. 1988); United States v. Uvalde Consol. Indep. Sch. Dist., 625 F.2d 547, 549 (5th Cir. 1980),cert. denied, 451 U.S. 1002, 68 L. Ed. 2d 858, 101 S. Ct. 2341 (1981).*

Dismissal is appropriate only when the court accepts as true all well-pled allegations of fact and, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Thomas v. Smith, 897 F.2d 154, 156 (5th Cir. 1989); Conley v. Gibson, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 1957); see Mahone, 836 F.2d at 926; McLean v. International Harvester, 817 F.2d 1214, 1217 n.3 (5th Cir. 1987); Jones v. United States, 729 F.2d 326, 330 (5th Cir. 1984).*

A claim is facially plausible under *Twombly* when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955).*

Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level. *Id. at 555.* This standard "calls for enough fact[s] to raise a ***reasonable expectation*** that discovery will reveal evidence of [the claim]." *Id. at 545.*

A claim should not be dismissed if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under ***some*** viable legal theory...." *Twombly, 127 S.Ct. at 1969 (emphasis in original).*

## ARGUMENT OF PLAINTIFF KIRK

The Defendants attempt to convince this Court that any and all claims against Defendants Santa Cruz and Berry should be dismissed. Plaintiff Kirk disagrees.

First, the essential ingredients of the ***Ex parte Young*** doctrine are that a suit must be brought against individual persons in their official capacities as agents of the state and the relief sought must be ***declaratory*** or ***injunctive*** in nature and prospective in effect. *Smith v. N. Bolivar Sch. Dist., 2008 U.S. Dist. LEXIS 75981 (N.D. Miss., September 29, 2008).*

Second, a litigant complaining of a violation of a constitutional right and seeking monetary damages does not have a direct cause of action under the United States Constitution but ***must*** utilize *42 U.S.C. Section 1983*. *Noratex Corp. v. King Constr. Of Houston, LLC, 2014 U.S. Dist. LEXIS 66106 (N.D. Miss. May 14, 2014); and Johnson v. City of Shelby, Miss., 743 F. 3d 59, 62 (5th Cir. 2013).*

As the Fifth Circuit has held "claims against ***state actors*** to be pursued through § 1983 is not a mere pleading formality." *Felton v. Polles, 315 F.3d 470, 482 (5th Cir. 2002)*, *abrogated in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006).*

Furthermore, certain consequences flow from claims under Section 1983, such as the unavailability of *respondeat superior* liability, which bears on the qualified immunity analysis. *Johnson, supra, 743 F. 3d 59, 62.*

Defendant MDPS has answered the Complaint and has set forth an affirmative defense (Fifth Defense) of ***immunity*** based on alleged immunity under 42 U.S.C. the Section 1983. See: *Defendant Mississippi Department of Public Safety's Answer* to the Complaint. ***Document No. 6, at pg. 2***.

## STATEMENT OF THE CASE

The claims of the Plaintiff Kirk relate to her employment with the Defendant MDPS and the acts and conduct of the Defendants Santa Cruz and Berry.  Plaintiff Kirk is a longtime employee of the MDPS; and her claim pertains to the failure to promote her inter-agency; and her claims of violation of her constitutional rights as set forth in the ***Complaint***.

The ***Complaint*** of Plaintiff Kirk states in ***specific detail*** her claims regarding gender discrimination and violations of the Equal Protection Clause by the officials of the MDPS and the Agency. Plaintiff Kirk also seeks injunctive relief in this action.

Plaintiff Kirk, a female, is one of the only seven female officers of the MDPS that are at the rank of Master Sergeant or above. Plaintiff Kirk was interviewed by an all- male panel; and she was the ***only*** female interviewed by the panel. Plaintiff Kirk's Complaint states the basis of her claims surrounding the failure to promote and the actions of the Agency and Defendants Santa Cruz and Berry.

Plaintiff Kirk has an impressive history with the Agency and she was not selected ***solely*** based upon her "score in the subjective test" given to the six (6) candidates for promotion.

Plaintiff's education, experience and work performance and accolades with the Agency were not considered in the final selection process. The "promotional practice" was discriminatory and violated the equal protection rights of Plaintiff Kirk.

Without the benefit of discovery, Plaintiff Kirk has made her claims; and that discovery should focus on the failure to promote Plaintiff Kirk; and the policies of the Agency that were violated in regard to the "shredding" of the testing data and the overall biased selection process as alleged in the ***Complaint***.

## STATEMENT OF THE FACTS

The ***salient facts*** are set forth in the ***Complaint*** in this action; and as referenced in the ***Response*** to the pending *Defendants Santa Crux and Berry's Motion to Dismiss* filed by Plaintiff Kirk. See: *Complaint at pgs. 1-33, Statement of the Facts,* ***Exhibit "A"*** *attached to the Response.*

## ARGUMENT

*Section 1983 of Title 42 of the United States Code* provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured **in** an action at law, suit **in** equity, or other proper proceeding for redress, . . . .*42 U.S.C. § 1983*.

Section 1983 creates only the right of action; it does not create any substantive rights; substantive rights must come from the Constitution or federal statute. See *Spielman v. Hildebrand, 873 F.2d 1377, 1386 (10th Cir. 1989)* ("Section 1983 does not provide a remedy if federal law does not create enforceable rights."). Rather, *42 U.S.C. § 1983* authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights. To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law. See *West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)*.

Broken down differently, a plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia. *Martinez v. Martinez, No. CIV 09-0281 JB/KBM, 2010 U.S. Dist. LEXIS 38109, 2010 WL 1608884, at *11 (D.N.M. Mar. 30, 2010)* (Browning, J.) (quoting *Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002))*.

The Supreme Court has made clear that there is no *respondeat superior* liability under § 1983. See *Ashcroft v. Iqbal, 129 S. Ct. at 1948* ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant,

6

through the official's own individual actions, has violated the Constitution."); *Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)*.

An entity cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor; and an entity can be held liable *only* for its own unconstitutional or illegal policies, and not for the tortious acts of their employees. See *Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 689, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)*.

## I. There is Individual Liability under Title VII or the ADEA

The Mississippi Department of Public Safety ("MDPS") is a State agency under the supervision of the State Personnel Board. Defendants Santa Cruz and Berry are ***state actors*** with the Agency that are responsible for the implementation of, *inter alia*, ***promotions*** in state service; and to ensure compliance with applicable federal and state law.

Plaintiff Kirk has stated a claim under *42 U.S.C. Section 1983* in this action; and her allegations of the statute (Section 1983) are stated throughout her detailed *Complaint*. Plaintiff Kirk has used the proper vehicle to bring her Section 1983 claim.

Defendant Santa Cruz and Berry are individually liable for their acts and conduct in failing to promote Plaintiff Kirk as set forth in the Complaint; and Plaintiff Kirk has made that claim under Section 1983.

Defendants cite the *Berger* case in support of their argument that Plaintiff Kirk did not make a Section 1983 claim. However, in *Berger*, no claim under Section 1983 was made by the Plaintiff. *Defendants' Brief at pg. 4*.

In *Ross v. Greenwood Utils., 2014 U.S. Dist. LEXIS 117189 (N.D. Miss. August 22, 2014),* the District Court addressed the asserting of claims under *Section 1983* and that the requirement was not just a "mere pleading formality" in making a Section 1983 claim.

In *Ross, surpa*, the District Court found that "*a perusal of the complaint yields no mention of that statute*" and as a result, the plaintiff failed to pursue his Section 1981 claim through the proper vehicle, Section 1983.

As this Court is aware, the Fifth Circuit is reluctant to find causes of action that arise **_directly_** under the Constitution. *See Hearth, Inc. v. Dep't of Public Welfare*, 617 F.2d 381, 382 (5th Cir. 1980); *see also Garrett v. Dallas Public Schools*, 1999 U.S. Dist. LEXIS 19735, 1999 WL 1212859, \*2 (N.D. Tex. Dec. 16, 1999); *Jeffrey v. Nutt*, 1998 U.S. Dist. LEXIS 5811, 1998 WL 204685, \*1 ((N.D. Tex. April 17, 1998). Further, when Congress has provided an adequate alternative remedial scheme like **_Section 1983_**, which is intended to substitute for direct recovery under the Constitution, a direct action is not available. *See Williams v. Bennett, 689 F.2d 1370, 1390 (11th Cir. 1982).*

**Section 1983** is the proper vehicle for raising such constitutional claims. *See Burns-Toole v. Byrne, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994); Bennett, 689 F.2d at 1390.* Plaintiff Kirk has properly brought her Constitutional claims for monetary damages against Defendants Santa Cruz and Berry under Section 1983.

"[A] plaintiff cannot recover against a **state official** directly under the First Amendment and **_must_** instead proceed under § 1983." *Black Farmers and Agriculturists Ass'n, Inc. v. Hood, No. 3:13-CV-763, 2014 WL 935147, at \*7 (S.D. Miss. Mar. 10, 2014) (citing Burns-Toole v. Byrne, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994)).* [*Emphasis added*].

However, **Section 1 of the _Fourteenth Amendment_** provides, in relevant detail that "**_No State shall_**...deprive any person of life, liberty, or property without due process of law; nor **_deny to any person within its jurisdiction the equal protection of the law_**." Plaintiff Kirk has made such a claim in this action.

Defendants Santa Cruz and Berry are the appropriate officials of the Agency to be named

in this cause of action.  See: *Complaint*.

The purpose of a state-wide system of personnel administration is set forth in ***Miss. Code Ann. § 25-9-101***, as follows:

### *§ 25-9-101. Purpose of chapter.*

It is the purpose of this chapter to establish in the State of Mississippi a system of personnel administration based on sound methods of personnel administration governing the establishment of employment positions, classification of positions and the employment conduct, ***movement* and separation of state employees**; to build a career service in government which will attract, select and retain the best persons, with incentives in the form of equal opportunities for initial appointment and ***promotions in the state service***; and to establish a system of personnel management that will ensure the ***effective and efficient use*** of employees in the state service. [Emphasis added]

Pertinent principles are set forth in ***Miss. Code Ann. § 25-9-103***, as follows:

### § 25-9-103. Principles applicable to administration of state personnel system.

(d) To retain employees on the basis of the adequacy of their performance, to correct inadequate performance, and to separate employees whose inadequate performance cannot be corrected.

(e) To assure fair treatment of applicants and employees in all aspects of personnel administration without regard to *political affiliation, race,* national origin, ***sex****,* religious creed, ***age*** or physical disability. *[Emphasis added].*

Discriminatory practices in state service are strictly prohibited as set forth in ***Miss. Code Ann. §25-9-149***, as follows:

### §25-9-149. Discriminatory practices prohibited.

It is the intent of the Legislature that no person seeking employment in state service, as defined in Section 25-9-107, Mississippi Code of 1972, or employed in state service, as defined in Section 25-9-107, Mississippi Code of 1972, shall be discriminated against on the basis of race, color, religion, ***sex***, national origin, **age** or handicap. *[Emphasis added].*

In *Mississippi Employment Sec. Comm'n v. Collins, 629 So. 2d 576 (Miss. 1993)*, the Mississippi Supreme Court addressed a failure to promote claim; and held that employment by a State Agency (i.e. MDPS) carries with it "***no guarantee of any promotion***" to a successful employee but it is certainly expected that after nearly 14 years (i.e. *11 years* in the case, *sub judice*) that some promotion would be in order.  See: *Complaint*.

9

The Mississippi Supreme Court held that it is highly unusual for a person to remain "*in grade*" especially when the employee is actively seeking to be promoted. *Defacto* discrimination is in violation of not only Federal law (i.e. *sex*) but also State statutory law. See: *Miss. Code Ann. §25-9-149.*

"The essence of employment discrimination is penalizing a worker not for something she did but for *something she simply is*." *Chadwick v. Wellpoint, Inc., 561 F.3d 38, 2009 U.S. App. LEXIS 6426, 92 Empl. Prac. Dec. (CCH) P43508, 105 Fair Empl. Prac. Cas. (BNA) 1457, 51 A.L.R. Fed. 2d 693(1st Cir. Me., 2009). Emphasis added.*

Defendants Santa Cruz and Berry are the state officials in charge of the Defendant MDPS; they are male; and these state actors prevented Plaintiff Kirk from being promoted from within the Agency. Plaintiff Kirk is a Master Sergeant in Driver Services with the MDPS and she is one of only a handful of women serving at the M/S level or above with the Agency. *See: Complaint, Exhibit "A" at pgs. 4-22.*

Plaintiff Kirk works for a male dominated agency of the State of Mississippi and she seeks equal protection as guaranteed by federal and state law. Defendants Santa Cruz and Berry are the officials in charge of the Agency; and they both know the law and are in charge of enforcement. Plaintiff Kirk should not be overlooked under "their watch" based upon her sex in violation of the Constitution and state/federal law.

*Section 25-9-101 of the Mississippi Code of 1972, Annotated*, provides for sound methods of personnel administration governing the… *movement* and … *promotions* in state service."

In fact discriminatory practices on the basis of *sex* are prohibited in state service. See: *Section 25-9-149 of the Mississippi Code of 1972, Annotated, as amended.* The practice is prohibited in state service if the results of sex bias; and that would include *implicit bias* towards one on the basis of sex.

10

The actions of the Agency constituted *implicit bias* towards Plaintiff Kirk, a female. Implicit bias is proper in the Title VII analysis especially when the decision is based upon *subjectivity*, and as claimed by Plaintiff Kirk in her Complaint.

"Smoking guns—the sign on the door that 'Irish need not apply' or the rejection explained by the comment that *'this is no job for a woman'*—are largely things of the past. . . . Cognitive bias, structures of decision making, and patterns of interaction have replaced deliberate racism and sexism as the frontier of much continued inequality." *Susan Sturm, Second Generation Employment Discrimination: A Structural Approach, 101 Colum. L. Rev. 458, 459-60 (2001)*.

As espoused by the Fifth Circuit in *McCabe v. Sharrett, 12 F.3d 1558 (5th Cir. 1997)*, in order for a public employee to establish that an employment action has infringed a constitutional right the employee also must demonstrate that he or she has suffered some sort of adverse employment action.   Plaintiff Kirk was denied a promotion and thus suffered an adverse employment action.

"Adverse employment action" is broadly defined and as a matter of law includes not only discharges, but also demotions, refusals to hire, *refusals to promote. See Goffer, 956 F.2d at 1049 n. 1; Rutan v. Republican Party of Illinois, 497 U.S. 62, 110 S. Ct. 2729, 111 L. Ed. 2d 52 (1990).*

Defendants Santa Cruz and Berry had knowledge of the policies and procedures of the Defendant MDPS and their failure to comply as in the case, *sub judice*, exposes them to liability for their actions or inactions.

Plaintiff Kirk also has maintained an equal protection claim in her cause of action.   "To maintain an equal protection claim, a plaintiff typically alleges that he 'received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.'" *Club Retro, L.L.C. v. Hilton, 568 F.3d 181, 212 (5th Cir. 2009) (quoting Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001)).* "[D]isparate impact

alone" is not enough; rather, "a party who wishes to make out an Equal Protection claim must prove 'the existence of purposeful discrimination' motivating the state action which caused the complained-of injury." *Johnson v. Rodriquez, 110 F. 3d 299, 306 (5th Cir. 1997).*

To state a claim of sex discrimination under section 1983, a plaintiff must set forth the same elements in a Title VII action; and the presentment of Plaintiff Kirk's case is governed under the seminal case of *McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).*

The Fifth Circuit has also held that Section 1983 and Title VII are ***parallel causes*** of action that can be maintained by an employee. See: *Cervantez v. Bexar County Civil Service Commission, 99 F.3d 730, 734 (5th Cir.1996)*("we have on numerous occasions recognized that section 1983 and Title VII are parallel causes of action"); *Wallace v. Texas Tech. University, 80 F.3d 1042, 1047 (5th Cir.1996)* (applying the same *prima facie* test to discrimination claims under Title VII and section 1983); *Merwine v. Board of Trustees for State Institutions of Higher Learning, 754 F.2d 631, 635, n. 3 (5th Cir.1985)* ("when a § 1983 claim is used as a parallel to a Title VII claim under a given set of facts, the elements required to be established for each claim are deemed the same under both statutes"). *Southard v. Tex. Bd. of Crim. Justice, 114 F.3d 539 114 F.3d 539, 1997 U.S. App. LEXIS 14949, 71 Empl. Prac. Dec. (CCH) P44805, 74 Fair Empl. Prac. Cas. (BNA) 163(5th Cir. Tex., 1997).*

## II. Kirk can maintain a cause of action directly under the Constitution of the United States; and the Equal Protection Clause

Plaintiff Kirk ***can*** maintain claims for injunctive and declaratory relief from an unconstitutional action or law brought ***directly*** under the Fourteenth Amendment. The Supreme Court has long recognized the availability of such claims noting that the Fourteenth Amendment "is undoubtedly self-executing without any ancillary legislation." *Civil Rights Cases, 109 U.S. 3,*

*20 (1908); Ex parte Young, 209 U.S. 123 (1908).*

In *Jett v. Dallas Independent School District, 482 U.S. 701 (1989)*, the Supreme Court held that Section 1983 provides the exclusive remedy where a claim is for "***damages***" thus implicitly recognizing what was previously held that non-monetary relief is available directly under the Fourteenth Amendment.

What is now § 1983 was enacted as § 1 of "*An Act to Enforce the Provisions of the Fourteenth Amendment to the Constitution of the United States and For other Purposes,*" Act of April 20, 1871, ch. 22, 17 Stat. 13. *Jett, supra, 109 U.S. 701, 722.*

In *Oden v. Oktibbeha County, Miss., 246 F.3d 458 (5th Cir. 2001)*, the Fifth Circuit held that "§ 1981 implicitly created an independent cause of action against *private* actors because no other statute created such a remedy," but that "Section 1983 remains the only provision to expressly create a remedy against persons acting under color of state law." *Id.* at 463 (citing *Jett v. Dallas Independent School District, 482 U.S. 701 (1989). See also: Washington v. City of Gulfport, 351 Fed. Appx. 916, 2009 U.S. App. LEXIS 23991(5th Cir. Miss., 2009).*

For such liability, however, the supervisor's conduct must have caused a constitutional injury; and in the case, *sub judice*, it did. *See Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 454-55 (5th Cir.) (en banc), cert. denied ,513 U.S. 815 (1994).*

Defendants argue that there is an entitlement to qualified immunity in regard to any Section 1983 claim. Defendants also argue that Plaintiff Kirk has failed to provide any factual detail and particularity regarding the basis of the claim against Defendants Santa Cruz and Berry. ***Defendants Brief at pg. 6***.

Plaintiff Kirk contends that her Complaint meets that burden; and that she has stated in factual detail the liability of state actors, Defendants Santa Cruz and Berry.

Defendants also acknowledge that Plaintiff Kirk had made a claim for sexual discrimination in this action, but claim that a there is no violation of the equal protection clause; and that if such a claim was made – then the defendants are entitled to qualified immunity. *Defendants Brief at pg. 7*.

Plaintiff Kirk has a valid equal protection claim for her disparate treatment in the failure of the Agency to promote her in July 2013; and that Defendants Santa Cruz and Berry are not entitled to qualified immunity.  See: *Complaint*.

Defendants Santa Cruz and Berry rely on *Engquist* to support the position that Plaintiff Kirk cannot maintain an equal protection claim in the public employment context; and that they are entitled to qualified immunity from the "purported equal protection claim."  *Defendants Brief at pg. 7*.

The argument of Defendants Santa Cruz and Berry is misplaced.  Plaintiff Kirk can maintain an equal protection claim under *Engquist* for discrimination; and she has done so in her Complaint.

First, as to an equal protection claim, the plaintiff in *Engquist* alleged that the defendants had discriminated against her on the basis of her race, sex, and national origin.  However, the plaintiff in *Engquist **also*** brought what is known as a "class-of-one" equal protection claim, alleging that she was fired ***not because she was a member of an identified class*** (unlike her race, sex, and national origin claims), but simply for "***arbitrary, vindictive, and malicious reasons***." App. 10. [*Emphasis added*].  *Engquist v. Or. Dep't of Agric., 553 U.S. 591 (2008).*

In this cause of action, Plaintiff Kirk has not made claim that her failure to promote was based upon the facts for which the plaintiff made claim in *Engquist*.  The fatal blow to the plaintiff in *Engquist* was an effort to "circumvent" the at will doctrine for a government employer; and to make that argument fit in a "class of one" claim.

The Supreme Court in *Engquist* held that the "class of one theory" to employment decisions - which involve a significant amount of discretion – would have an eviscerating affect in the at-will nature of public employment.

As espoused in *Engquist*, the Supreme Court was not ready to make a finding that the Constitution protected at will employees that could be terminated for good reason, bad reason or no reason.

However, as espoused in *Engquist*, it was "***crystal clear***" that government employers could not take personnel actions such as in the case of Plaintiff Kirk that would independently violate the Constitution and federal law.

In *Engquist*, the Supreme Court held that "[I]t is well settled that the Equal Protection Clause "protect[s] persons, not groups," *Adarand Constructors v. Pena, 515 U.S. 200, 227, 115 S. Ct. 2097, 132 L. Ed. 2d 158 (1995)(emphasis)*, and that the Clause's protections apply to administrative as well as legislative acts, see, *e.g.*, *Raymond v. Chicago Union Traction Co., 207 U.S. 20, 35-36, 28 S. Ct. 7, 52 L. Ed. 78 (1907).* It is equally well settled that States ***do not escape*** the strictures of the Equal Protection Clause in their role as employers. See, *e.g.*, *New York City Transit Authority v. Beazer, 440 U.S. 568, 99 S. Ct. 1355, 59 L. Ed. 2d 587 (1979); Harrah Independent School Dist. v. Martin, 440 U.S. 194, 99 S. Ct. 1062, 59 L. Ed. 2d 248  (1979) (per curiam)*; *Massachusetts Bd. of Retirement* v. *Murgia,* 427 U.S. 307, 96 S. Ct. 2562, 49 L. Ed. 2d 520 (1976) *(per curiam)*. *553 U.S. 591, 597-98 [Emphasis added]*.

Second, Plaintiff Kirk has made her equal protection claim on the basis of her ***sex*** – a protected characteristic - and she has claimed that males are treated preferentially in promotions within the Agency.   See: ***Complaint*** *at pgs. 26-30 in regard to the Equal Protection Claim of Plaintiff Kirk.*

Plaintiff Kirk contends that sexual discrimination is a constitutional deprivation and that the actions of individual defendants Santa Cruz and Berry were not objectively reasonable but made with deliberate indifference.

Plaintiff Kirk has made claims against Santa Cruz and Berry under the Equal Protection Clause; and Defendants, on the other hand, claim that this and all other official capacity claims brought by Plaintiff Kirk must fail.  Plaintiff Kirk disagrees.

"To maintain an equal protection claim, a plaintiff typically alleges that he 'received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.'" *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 212 (5th Cir. 2009) (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001)). "[D]isparate impact alone" is not enough; rather, "a party who wishes to make out an Equal Protection claim must prove 'the existence of purposeful discrimination' motivating the state action which caused the complained-of injury." *Johnson v. Rodriquez, 110 F. 3d 299, 306 (5th Cir. 1997).*

"[T]o *state* a 'class of one' claim, a plaintiff must allege that '(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment.'" *Borrell v. Bloomsburg Univ., 955 F. Supp. 2d 390, 405 (M.D. Pa. 2013) (quoting Hill, 455 F.3d at 239)*.

While "'[p]ersons are similarly situated under the Equal Protection Clause when they are alike in all relevant aspects,'" *Mun. Revenue Servs., Inc. v. McBlain, 347 Fed. Appx. 817, 825 (3d Cir. 2009)*(quoting *Startzell v. City of Phila., 533 F.3d 183, 203 (3d Cir. 2008))*, "the law in the Third Circuit does not require [the plaintiff] to show that the [comparators] are identical in all relevant respects but only that they are alike." *Southersby Dev. Corp. v. Borough of Jefferson*

*Hills, 852 F. Supp.2d 616, 628 (W.D. Pa. 2012) (citingStartzell, 533 F.3d at 203)*; see
also *Simmermon v. Gabbianelli, 932 F. Supp.2d 626, 632-33 (D.N.J. 2013)*; *Thomas v.
Coopersmith, No. 11-7578, 2012 WL 3599415, at \*5 (E.D. Pa. Aug. 21, 2012)*.

"Determining whether an individual is 'similarly situated' to another individual is a case-
by-case fact-intensive inquiry." *Chan v. Cnty. of Lancaster, No. 10-3424, 2011 WL 4478283, at
\*15 (E.D. Pa. Sept. 26, 2011) (citing Monaco v. Am. Gen. Assurance Co., 359 F.3d 296, 305 (3d
Cir. 2004))*. "For that reason, some courts in this Circuit have stated that 'a final determination of
this issue is __*inappropriate*__ at the motion-to-dismiss stage.' "*Thomas, 2012 WL 3599415, at \*5
(quoting Chan, 2011 WL 4478283, at \*15)*. (Emphasis added).

*In Payne v. Univ. of S. Miss., 2014 U.S. Dist. LEXIS 22052 (S.D. Miss.,Feb. 21, 2014)*,
the District Court held:

"The Equal Protection Clause "commands that no State shall 'deny to any person within
its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons
similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473
U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985) (quoting U.S. CONST. amend. XIV, § 1).
"States do not escape the strictures of the Equal Protection Clause in their role as employers."
*Engquist v. Or. Dep't of Agric., 553 U.S. 591, 597, 128 S. Ct. 2146, 170 L. Ed. 2d 975
(2008)*. "Under the equal protection clause, strict scrutiny applies to classifications that infringe
on a fundamental right . . . or involve a protected classification." *A. M. v. Cash*, 585 F.3d 214,
226 (5th Cir. 2009). The free exercise of religion is a fundamental right, and religion is a suspect
classification. *See* U.S. CONST. amend. I; *Yur-Mar, LLC v. Jefferson Parish Council*, 451 F.
App'x 397, 401 (5th Cir. 2011). To maintain his equal protection claim, Plaintiff must "prove that
he received treatment different from that received by similarly situated individuals and that the
unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473
(5th Cir. 2001).

The Defendants Santa Cruz and Berry as set forth in the *Complaint*, on behalf of the
Agency, allowed the disparate treatment to take place; and as a result of those actions, the equal
protection due Plaintiff Kirk was denied.

III.     __The official capacity claims under 42 U.S.C. Section 1983 do not fail__

Defendants argue that the Agency and the individual Defendants in their official
capacities are not "persons" within the meaning of Section 1983.

It is well-settled that states and state agencies are not "persons" subject to suit under Section 1983; and that an official capacity claim is asserted "*against the official's office*" and "is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)*.

However, "A suit is not against a state, however, when it seeks *prospective*, *injunctive relief from a state actor*, in her official capacity, based on an alleged *ongoing violation* of the federal constitution." *K. P. v. Leblanc, 729 F.3d 427, 439 (5th Cir. 2013); see also Salcido v. Univ. of S. Miss., No. 13-60444, 557 Fed. Appx. 289, 2014 U.S. App. LEXIS 2711, at \*15 (5th Cir. Feb. 13, 2014)*. [Emphasis added].

In *Sanders-Burns v. City of Plano, 594 F. 3d 366 (5ᵗʰ Cir. 2010)*, the Fifth Circuit Court of Appeals addressed the issue of personal or official capacity lawsuits and held that the District Court *must look to the Complaint* and course of proceedings to determine whether the defendant is sued his official or individual capacity espoused in *Colvin v. McDougall, 62 F. 3d at 1317*.

The United States Supreme Court has also held that state officials can be subject to personal liability in *Section 1983* claims. *Hafer v. Melo, 502 U.S. 21, 26-27, 112 S. Ct. 358, 117 L. Ed. 2d 301 (1991); see also: E. Miss. Hosp. v. Callens, 892 So. 2d 800 (Miss. 2004)*.

To establish personal liability in a *Section 1983* action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. *E. Miss. Hosp. v. Callens, supra.*

To maintain a successful 1983 action, Plaintiff Kirk must prove there has been (1) a deprivation of a federal right (2) that occurred under color of state law, which (3) was caused by a *state actor*. *Victoria W. v. Larpenter, 369 F.3d 475, 482 (5th Cir. 2004); Phillips v. Vandygriff, 711 F.2d 1217, 1221 (5th Cir. 1983)*.

In *Ross v. Greenwood Utils., 2014 U.S. Dist. LEXIS 117189 (N.D. Miss. August 22, 2014)*, the District Court addressed the asserting of claims under *Section 1983* and the

requirement not being a mere pleading formality.

In *Ross, surpa*, the District Court found that "a perusal of the complaint yields no mention of that statute" and as a result, the plaintiff failed to pursue his Section 1981 claim through the proper vehicle, Section 1983.

A person acts under color of state law if he misuses "power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins, 487 U.S. 42, 49, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (quoting United States v. Classic, 313 U.S. 299, 326, 61 S. Ct. 1031, 85 L. Ed. 1368 (1941)). **"Under 'color' of law means under 'pretense' of law."** Screws v. United States, 325 U.S. 91, 111, 65 S. Ct. 1031, 89 L. Ed. 1495 (1945); see also Brown v. Miller, 631 F.2d 408, 411 (5th Cir. 1980).*

Section 1983 is not a source of substantive rights; instead it creates a cause of action against ***state actors*** for enforcement of those rights. *See, e.g., Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 1870, 104 L. Ed. 2d 443 (1989); City of Lancaster v. Chambers, 883 S.W.2d 650, 658 (Tex. 1994).*

IV.     **Santa Cruz and Berry are not entitled to Qualified Immunity**

The qualified immunity defense had no application to attempts to gain injunctive relief. *Rogers v. Miller, 57 F. 3d 986, 989 (5th Cir. 1995).*

Claims for injunctive relief involve a different analysis and are permissible directly under the Fourteenth Amendment. *Farmer v. Ramsay, 41 F. Supp. 2d 587, 591 (D. Md. 1999).*

"The bifurcated test for ***qualified immunity*** is quite familiar: (1) whether the plaintiff has alleged a violation of a clearly established constitutional [or federal statutory] right; and, (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident." *Hare v. City of Corinth, Miss., 135 F.3d 320, 325 (5th Cir. 1998). Felton v. Polles, 315 F.3d 470, 2002 U.S. App. LEXIS 25968, 90 Fair Empl. Prac. Cas. (BNA) 812(5th Cir. Miss., 2002).*

Plaintiff Kirk contends that that the actions taken were intentional and not merely negligent oversight by the individual defendants in this action. *Gonzalez v. Ysleta Independent School District, 996 F.2d 745, 756 (5th Cir.1993), quoting Rhyne v. Henderson County, 973 F.2d 386, 392 (5th Cir.1992); and Southard v. Tex. Bd. of Crim. Justice, supra.*

Determinations regarding *qualified immunity*, and its application in a given case, require a court to undertake two distinct inquiries. *First*, the court must evaluate whether the defendant violated a constitutional right. *Saucier v. Katz, 533 U.S. 194, 201-02, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001), abrogated in part by Pearson,555 U.S. 223, 129 S. Ct. 808, 172 L. Ed. 2d 565; Curley v. Klem, 499 F.3d 199, 206 (3d Cir. 2007); Williams v. Bitner, 455 F.3d 186, 190 (3d Cir. 2006).*

If the defendant did not actually commit a constitutional violation, then the court must find in the defendant's favor. *Saucier, 533 U.S. at 201.* If the defendant is found to have committed a constitutional violation, the court must undertake a *second*, related inquiry to assess whether the constitutional right in question was "clearly established" at the time the defendant acted. *Pearson, 555 U.S. 231-32; Saucier, 533 U.S. at 201-02.*

The Supreme Court has instructed that a right is clearly established for purposes of qualified immunity if a reasonable *state actor* under the circumstances would understand that his conduct violates that right. *Williams, 455 F.3d at 191 (citing Saucier, 533 U.S. at 202).*

In order to find that a right is clearly established, "the right allegedly violated must be defined at the appropriate level of specificity." *Wilson, 526 U.S. at 615.*

The Supreme Court has explained that, at least in some cases, "a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question, even though the very action in question has [not] previously been held unlawful." *Hope v. Pelzer, 536 U.S. 730, 741, 122 S. Ct. 2508, 153 L. Ed. 2d 666*

*(2002)* (quoting *United States v. Lanier, 520 U.S. 259, 271, 117 S. Ct. 1219, 137 L. Ed. 2d 432 (1997)* (internal quotation marks and citation omitted)).

The court is no longer required to conduct these two inquiries sequentially, *Pearson, 555 U.S. at 236*, and it may forego difficult constitutional issues and award qualified immunity to a defendant if it is apparent that the defendant did not violate rights that were clearly established at the time the defendant acted. Id.

Where a court elects to address the alleged constitutional violations, however, the court's analysis of the merits for purposes of summary judgment merges with analysis of the deprivation of federal rights for purposes of qualified immunity. *Gruenke v. Seip, 225 F.3d 290, 299-300 (3d Cir. 2000); Crouse, 668 F. Supp. 2d at 671*; see also *Grant v. City of Pittsburgh, 98 F.3d 116, 122 (3d Cir. 1996)* ("[C]rucial to the resolution of [the] assertion of qualified immunity is a careful examination of the record . . . to establish . . . a <u>detailed factual description of the actions of each individual defendant</u> (viewed in a light most favorable to the plaintiff).")

Because qualified immunity entails a consideration of whether the law was clearly established at the time of a defendant's conduct, this defense, which focuses on the state of the law, presents a question of law for the court, and one which can often be resolved on summary judgment. See *Montanez v. Thompson, 603 F.3d 243 (3d Cir. 2010)*. See: *Soriano v. County of Luzerne, 2012 U.S. Dist. LEXIS 176109 (M.D. Pa. 2012)*.

Plaintiff Kirk contends that the matter of inquiry - qualified immunity- cannot be addressed at the ***Motion to Dismiss*** stage of the proceedings. There has been no discovery; and the Complaint states the claim as specific as can be done at this stage.

Defendants Santa Cruz and Berry have asserted a ***<u>broad brush claim</u>*** of qualified immunity from liability for any of Plaintiff's claims. After a defendant invokes the defense of qualified immunity, the plaintiff has the burden of proving its inapplicability. *Tolan v. Cotton, 713 F.3d 299, 305 (5th Cir. 2013)*.   The plaintiff must show: "first, the official's conduct

violated a constitutional or statutory right; and second, the official's actions constituted objectively-unreasonable conduct in the light of clearly established law at the time of the conduct in question." *Id.* "The second prong of the qualified immunity test is understood as two separate inquiries: whether the violated constitutional rights were *clearly established at the time of the accident*; and, if so, whether the defendant's conduct was *objectively unreasonable* in the light of that then clearly established law." *Id.* (punctuation omitted).

The reasonableness of the defendant's actions must be judged from the perspective of a reasonable official in the same situation with the same knowledge. *Newman v. Guedry, 703 F.3d 757, 762 (5th Cir. 2012).*

The Court in the case, *sub judice*, is unable to address the issue of qualified immunity without arguments focusing on the ***specific actions*** for which immunity is claimed. The qualified immunity analysis requires consideration of the particular circumstances surrounding a public official's actions. *Id.* It is impossible for the Court to consider Defendants' qualified immunity defense because it is generally asserted as to all of Plaintiff's claims, without any specific analysis.

This Court should decline to consider the issue of qualified immunity in the absence of the addressing of specific, discrete actions and the particular circumstances surrounding those actions. The claims of Plaintiff Kirk are clearly before this Court as alleged in the Complaint.

Defendants Santa Cruz and Berry ***knew*** that violations occurred of federal and state law in failing to promote Plaintiff Kirk; and they did nothing to ensure that there would not be a violation of her rights to equal protection.

The United States Supreme Court has held that state officials can and should be subjected to personal liability in ***Section 1983*** claims. *Hafer v. Melo, 502 U.S. 21, 26-27, 112 S. Ct. 358, 117 L. Ed. 2d 301 (1991); see also: E. Miss. Hosp. v. Callens, 892 So. 2d 800 (Miss. 2004).*

A person acts under color of state law if he misuses "power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins, 487 U.S. 42, 49, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (quoting United States v. Classic, 313 U.S. 299, 326, 61 S. Ct. 1031, 85 L. Ed. 1368 (1941)).* ***"Under 'color' of law means under 'pretense' of law."*** *Screws v. United States, 325 U.S. 91, 111, 65 S. Ct. 1031, 89 L. Ed. 1495 (1945); see also Brown v. Miller, 631 F.2d 408, 411 (5th Cir. 1980).*

Congress intended ***Section 1983*** to be broadly available to compensate individuals for violations of constitutional rights. Evidence that state and local authorities had sometimes failed to provide relief for victims of criminal and civil wrongdoing prompted Congress to enact *Section 1983*. The statute requires a plaintiff to show that a person acting under color of state law subjected the plaintiff or caused the plaintiff to be subjected to the deprivation of a right secured by the Constitution or laws of the United States.

Finally, the "deliberate indifference" standard permits courts to separate omissions that "amount to an intentional choice" from those that are merely "unintentionally negligent oversights." *Gonzalez v. Ysleta Independent School District, 996 F.2d 745, 756 (5th Cir.1993), quoting Rhyne v. Henderson County, 973 F.2d 386, 392 (5th Cir.1992); and Southard v. Tex. Bd. of Crim. Justice, 114 F.3d 539 114 F.3d 539, 1997 U.S. App. LEXIS 14949, 71 Empl. Prac. Dec. (CCH) P44805, 74 Fair Empl. Prac. Cas. (BNA) 163(5th Cir. Tex., 1997).*

Plaintiff Kirk contends that the actions taken against her were intentional and not merely "negligent oversight" on the part of the individual defendants in this action

## CONCLUSION

Defendants Santa Cruz and Berry are seeking a dismissal for their actions under every theory and argument available at this stage of the proceedings. Plaintiff Kirk has addressed all the arguments and the Defendants request for a dismissal in the pending Motion to Dismiss should be denied.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Kirk in this action, respectfully requests this Court deny the Motion to Dismiss filed by the Defendants Santa Cruz and Berry.

Further, Plaintiff Kirk requests this Court grant her attorneys' fees for having to respond to this *Motion to Dismiss of Defendants Santa Cruz and Berry.*

**RESPECTFULLY SUBMITTED**, this the 3rd day of September, 2014.

OLA KIRK, PLAINTIFF

/s John M. Mooney, Jr.
BY: JOHN M. MOONEY, JR.,
HER ATTORNEY

JOHN M. MOONEY, JR.
LAW OFFICES OF JOHN M. MOONEY, JR., PLLC
208 Waterford Square, Suite 100
Madison, Mississippi 39110
Telephone: (601) 981-9555
Facsimile:  (601) 981-7922
**MBIN: 3431**

ATTORNEY FOR PLAINTIFF, OLA KIRK

## CERTIFICATE OF SERVICE

I, John M. Mooney, Jr., do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to:

Peter W. Cleveland
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205-0220
*pclev@ago.state.ms.us*

**SO CERTIFIED**, this the 3rd day of September, 2014.

By \s\ John M. Mooney, Jr.
JOHN M. MOONEY, JR.