**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**OLA KIRK**                                                                                                           **PLAINTIFF**

**VS.**                                                         **CAUSE NO.: 3:14cv537-WHB-RHW**

**MISSISSIPPI DEPARTMENT OF PUBLIC
SAFETY, ET AL.**                                                                 **DEFENDANTS**

**REBUTTAL MEMORANDUM IN SUPPORT OF
DEFENDANTS SANTA CRUZ AND BERRY'S MOTION TO DISMISS**

COME NOW Defendants Albert Santa Cruz and Donnell Berry, by and through counsel, and submit this Rebuttal Memorandum in Support of their Motion to Dismiss, and would show unto the court as follows:

**ARGUMENT**

In evaluating a motion to dismiss based on Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To survive such a motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Culliver v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Twombly*, 550 U.S. at 558) (internal quotation marks omitted)). Here, Kirk has not raised

a claim of entitlement to relief against Santa Cruz and Berry.

## Title VII

It is fundamental that Title VII procedures require that a "civil action...be brought against the respondent named in the charge." 42 U.S.C. §2000 e-5 (f)(1). Kirk's Charge of Discrimination is attached to her Complaint as Exhibit D. The employer identified in her charge is the "Mississippi Department of Public Safety." Only an employer is liable under Title VII. *Pfau v. Reed*, 125 F.3d 927, 935 (5th Cir. 1997); *Grant v. Lone Star Co*, 21 F.3d 649, 652 (5th Cir. 1994); *see also Deal v. State Farm County Mut. Ins. Co. of Texas*, 5 F.3d 117 (5th Cir. 1993). Furthermore, "[t]he jurisdictional prerequisites for a Title VII action by a private plaintiff are the filing with the EEOC of a charge against the employer and the issuance of a right to sue letter against the respondent named in the charge." *Nilson v. City of Moss Point, Mississippi*, 621 F.2d 117, 120 (5th Cir. 1980) (*citing Beverly v. Lone Star Lead Construction Corp*. 437 F.2d 1136 (5th Cir. 1971). Since Defendants Santa Cruz and Berry are not Kirk's employer and were not named in her Charge of Discrimination, they are not a proper party to her Title VII claim. Accordingly, Plaintiff's Complaint fails to state a claim under Title VII against these Defendants.

## ADEA

Similarly, these Defendants are not subject to liability for Plaintiff's claim based upon the Age Discrimination in Employment Act (ADEA). There is no basis for individual liability for supervisory employees under the ADEA. *Cutrer v. McMillan*, 2008 WL 2779306, at *1 (S.D. Miss. 2008) (Finding that "plaintiffs'. . . ADEA claims, which he had brought against defendants only in their individual capacities, must be dismissed."),

aff'd, 308 Fed. Appix 819 (5th Cir. 2009); *see also Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) (holding that the ADEA provides no basis for individual liability for supervisory employees); *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 685 (5th Cir. 2001) (affirming summary judgment on claims brought against an individual because the ADEA "provides no basis for individual liability for supervisory employees.").

## 42 U.S.C.§ 1983

The United States Supreme Court in *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) made clear that "[s]ection 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66.

This court explained the effect of *Will* in *Scanlon v. Department of Mental Health*, 828 F.Supp 421, 424, n.4 (S.D. Miss. 1993), by saying "states, state agencies and state officials in their official capacities may not be sued under §1983 for damages or other retrospective relief...." Contrary to this holding, Kirk is attempting to pursue her claim against Santa Cruz and Berry in their official capacity. However, this effort is baseless and she fails to state a claim against these Defendants in their official capacity based on 42 U.S.C. §1983.

## CONCLUSION

For these reasons and those contained in Defendant's principal brief, Santa Cruz and Berry's Motion to Dismiss should be granted and they should be dismissed as parties for failure to state a claim upon which relief can be granted.

RESPECTFULLY SUBMITTED, this the 16th day of September, 2014.

**ALBERT SANTA CRUZ AND DONNELL BERRY, Defendants**

BY: **JIM HOOD, ATTORNEY GENERAL STATE OF MISSISSIPPI**

BY: *s/ Peter W. Cleveland*
PETER W. CLEVELAND, MSB NO. 6301
SPECIAL ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi  39205-0220
Telephone: (601) 359-3822
Facsimile:  (601) 359-2003
pclev@ago.state.ms.us

## CERTIFICATE OF SERVICE

I, Peter W. Cleveland, Special Assistant Attorney General for the State of Mississippi, do hereby certify that on this date I caused to be electronically filed the foregoing ***Rebuttal Memorandum in Support of Defendants Santa Cruz and Berry's Motion to Dismiss*** with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

John M. Mooney, Jr.
LAW OFFICES OF JOHN M. MOONEY, JR., PLLC
208 Waterford Square, Ste. 100
Madison, MS 39110

**THIS**, the 16th day of September, 2014.

*s/ Peter W. Cleveland*
PETER W. CLEVELAND