IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**OLA KIRK**                                                                           **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:14-cv-537-WHB-RHW**

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;
ALBERT SANTA CRUZ, Chairman of the
MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY; and
DONNELL BERRY, Chief of the
MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY**           **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendants Albert Santa Cruz and Donnell Berry to Dismiss. Having considered the pleadings as well as supporting and opposing authorities, the Court finds the Motion to Dismiss should be granted in part, and denied in part. The Motion will be granted with respect to Plaintiff's claims under Title VII of the Civil Rights Act, under the Age Discrimination in Employment Act, and for direct action under the Constitution, and will be denied with respect to her claim under 42 U.S.C. § 1983.

### I. Factual Allegations and Procedural Background

Ola Kirk ("Kirk") is employed by the Mississippi Department of Public Safety ("MDPS"). Since 2002, Kirk has served as a Master Sergeant and District 2 Supervisor for the Northern Region of the MDPS. Kirk alleges that in March of 2013, she tested and was

interviewed for the positions of Captain of Enforcement, Lieutenant of Enforcement, and Lieutenant with the Mississippi Bureau of Investigation, but all of these positions were filled by male candidates. In June of 2013, Kirk applied for the position of DPS-Region Supervisor Driver Service (Lieutenant). Kirk claims that although she had more experience/training and better credentials than any other candidate, the position was filled by a younger, white male.

In August of 2013, Kirk filed a Charge of Discrimination with the EEOC alleging she had been discriminated against on the bases of gender and age.[1] After receiving a Right to Sue Notice, Kirk filed a Complaint in this Court against the MDPS, MDPS Chairman Albert Santa Cruz ("Cruz"), and MDPS Chief Donnell Berry ("Berry"). Through her Complaint, Kirk seeks damages and injunctive relief on claims that the defendants discriminated against her on the basis of gender in violation of Title VII of the Civil Rights Act, codified at 42 U.S.C. § 2000e, *et seq.*, and discriminated against her on the basis of age in violation of the Age Discrimination in Employment Act, codified at 29 U.S.C. § 621, *et seq.*[2] Kirk also alleges that her rights to equal protection, as protected by the

---

[1] Kirk was 57-years old at the time of the alleged discrimination.

[2] As Kirk alleges claims arising under federal law, the Court may properly exercise federal subject matter jurisdiction in this case under 28 U.S.C. § 1331.

Fourteenth Amendment to the United States Constitution, have been violated. Cruz and Berry have moved for the dismissal of Kirk's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Standard

Cruz and Berry have moved for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under this Rule, a cause of action may be dismissed "for failure to state a claim upon which relief may be granted." When considering a motion brought pursuant to Rule 12(b)(6), courts must "determine whether the plaintiff has stated a legally cognizable claim that is plausible, [and] not ... evaluate the plaintiff's likelihood of success." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). In so doing, courts must liberally construe the allegations in the complaint in favor of the plaintiff, and accept all pleaded facts as true. See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004). Courts, however, "are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). Regarding the sufficiency of the allegations, the United States Court of Appeals for the Fifth Circuit has held:

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to

3

relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555.

In re Katrina Canal Breaches Lit., 495 F.3d 191, 205 (5th Cir. 2007). The same standard applies "when immunity is urged as a defense by a motion to dismiss." Chrissy F. by Medley v. Mississippi Dept. of Pub. Welfare, 925 F.2d 844, 846 (5th Cir. 1991).

### III. Discussion

**A. Claims Under Title VII and the ADEA**

Cruz and Berry have moved for the dismissal of Kirk's Title VII and ADEA claims, which are alleged in Counts I - III of the Complaint. This Court previously considered whether state officials, in either their individual or official capacities, could be held liable under either Title VII or the AEDA, and found they could not. As discussed in Jordan v. Mississippi State Department of Health, 2007 WL 2344963 (S.D. Aug. 16, 2007):

> Defendants ... are presumably sued in both their official and individual capacities. Beginning with Plaintiff's claims arising under Title VII against these defendants, the Fifth Circuit has repeatedly held that "[o]nly "employers," not individuals acting in their individual capacity who do not otherwise meet the definition of "employers," can be liable under title VII." Grant v. Lone Star Co., 21 F.3d 649, 652 (5th Cir. 1994). See also Harvey v. Blake, 913 F.2d 226, 227-28 (5th Cir. 1990). As further explained in Huckabay v. Moore, 142 F.3d 233, 241 (5th Cir. 1998):

4

> A supervisor is considered an "employer" under title VII if he wields the employer's traditional rights, such as hiring and firing....
>
> This power is necessarily exercised, however, by a person who acts as an agent of the corporate or municipal body he represents. Because the wrongful acts are performed in his official capacity, any recovery against that person must be against him in that capacity, not individually. Further, if [a supervisor] acted only in his individual capacity, he did not act as an "employer" and would not be liable under Title VII to the extent that he acted individually. Thus, a public official cannot be held liable in his individual capacity for backpay damages under title VII.

(alterations in original)(internal citations omitted). This same standard applies to claims brought under the ADEA. See Stults v. Conoco, Inc., 76 F.3d 651, 655 (5th Cir. 1996)(holding: "[T]he ADEA provides no basis for individual liability for supervisory employees."). Accordingly, under Fifth Circuit precedent, the Court finds that Plaintiff has no possibility of recovering on his Title VII or ADEA claims alleged against [the defendants] in their individual capacities and, therefore, that these claims should be dismissed.

As regards the ADEA claims alleged against [the defendants] in their official capacities, the United States Supreme Court has found:

> Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. Brandon v. Holt, 469 U.S. 464, 471 (1985). As such, it is no different from a suit against the State itself. See, e.g., Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690 n.55 (1978).

Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989)(alterations in original). As Plaintiff's ADEA

5

claims against [the defendants] in their official capacities are treated as claims against the State of Mississippi, and as Mississippi is immune from such claims under the Eleventh Amendment, the Court finds that [the defendants] are likewise immune from these claims. See e.g. Bates v. University of Tex. Med. Branch, 425 F.Supp.2d 826, 837 (S.D. Tex. 2003)(dismissing ADEA claims against Chief Administrative Officer and Associate Vice President in his official capacity on the basis of Eleventh Amendment Immunity). Accordingly, the Court finds that Plaintiff has no possibility of recovering on his ADEA claims as alleged against [the defendants] in their official capacities and, therefore, that these claims should be dismissed.

As regards Plaintiff's Title VII claims against [the defendants] in their official capacities, the Fifth Circuit has explained:

> While Title VII defines the term employer to include "any agent" of an employer, see 42 U.S.C. § 2000e(b), this circuit does not interpret the statute as imposing individual liability for such a claim. Congress's purpose in extending the definition of an employer to encompass an agent in Section 2000e(b) was simply to incorporate *respondeat superior* liability into Title VII. Thus, a Title VII suit against an employee is actually a suit against the corporation.
>
> This court has also concluded that outside of an action against an officer personally, a plaintiff does not have an action against both the corporation and its officer in an official capacity. [Thus a] plaintiff is not entitled to maintain an action against both a corporation and its agent in an official capacity [in a Title VII action] because effectively the corporation could be held liable twice for the same act.

Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999)(alterations in original)(citations omitted). See also Desai v. Mississippi Comm'n For Volunteer Serv., Civil Action No. 3:05-cv-583, 2006 WL 2701168, at *2 (S.D. Miss. Sept. 19, 2006)(citing multiple Fifth Circuit cases which "have made clear that

> Title VII liability may not be imposed against both an employer and its agent as employer", and dismissing Title VII claims against the Executive Director of a state agency on the basis that the plaintiff could not maintain a Title VII claim against both the agency and his supervisor); Chustz v. City of New Orleans, No. Civ. A. 01-3118, 2002 WL 31556353, at *12-13 (E.D. La. Nov. 15, 2002)(dismissing Title VII claims against Mayor in his official capacity on the basis that "a party may not maintain a suit against both an employer and its agent under Title VII.").
>
> The Court finds that Plaintiff cannot simultaneously pursue a Title VII claim against both his employer the MSDH, and [the defendants] in their official capacities under controlling Fifth Circuit precedent. Accordingly, the Court finds Plaintiff has no possibility of recovering on his Title VII claims as alleged against [the defendants] in their official capacities and, therefore, that these claims should be dismissed.

Jordan, 2007 WL 2344963, at *3-5 (alterations in original).

Although the individual defendants in Jordan were employees of the Mississippi Department of Health, while Cruz and Berry are employees of the MDPS, the Court finds this difference does not affect the applicability of Jordan to the case *sub judice*. This is because the MDPS is, like the Mississippi Department of Health, considered to be an arm of the state for immunity purposes. See e.g. Delaney v. Mississippi Dept. of Pub. Safety, 2013 WL 286365, at *3 (S.D. Miss. Jan. 24, 2013)(finding that the MDPS is "an agency of the State and entitled to Eleventh Amendment immunity absent waiver or abrogation.")(citing Wamble v. County of Jones, 2012 WL 2088820, at *5 (S.D. Miss. June 8, 2012)("It has been held numerous times that ... MDPS [is an] arm[ ] of the state."); Brown v. Simpson, 2009 WL 2449898, at *1 n.1 (N.D. Miss. Aug. 7, 2009)).

In response to the Motion to Dismiss, Kirk argues that Cruz and Berry can be held "individually liable for their acts and conduct in failing to promote [her] as set forth in the Complaint; and [she] has made that claim under Section 1983." See Mem. in Supp. of Resp. [Docket No. 11], 7. The Court finds this argument misses the mark. The issue before the Court in this section of its Opinion and Order is not whether Cruz and/or Berry can be held liable under 42 U.S.C. § 1983 but, instead, whether Kirk can maintain a cause of action against them under either Title VII or the ADEA. For the reasons set forth in Jordan, the Court finds they cannot be held liable under these statutes in either their official or individual capacities. Accordingly, Kirk's Title VII and ADEA claims, as alleged against Cruz and Berry in both their individual and official capacities, will be dismissed.

**II. Direct Constitution Claim**

In Count IV of her Complaint, Kirk alleges that her right to equal protection, as protected by the Fourteenth Amendment to the United States Constitution, was violated because she was treated differently with respect to her employment than similarly situated males. This claim is not brought under 42 U.S.C. § 1983 but, instead, is pleaded as a direct constitutional violation.[3] See

---

[3] Kirk has also alleged a Section 1983 claim arising from the alleged violation of her Fourteenth Amendment rights. See Compl. (Count V), ¶¶ 116-19.

8

Compl. (Count IV), ¶¶ 99-115. Cruz and Berry have moved for the dismissal of this claim on the grounds that Kirk cannot bring a direct action under the Constitution but, instead, is required to seek relief under Section 1983 for alleged violations of her constitutional rights.

The United States Court of Appeals for the Fifth Circuit has "long harbored a great reluctance to allow the pursuit of constitutional causes of action directly." Berger v. City of New Orleans, 273 F.3d 1095, 2001 WL 1085131, at *1 (Sept. 4, 2001). See also Hearth, Inc. v. Department of Pub. Welfare, 617 F.2d 381, 382 (5th Cir. 1980)(explaining that "federal courts, and this Circuit in particular, have been hesitant to find causes of action arising directly from the Constitution."). As such, direct causes of action have been permitted to proceed only in cases in which there is an absence of alternative remedies, i.e. "there simply [i]s no other means of seeking redress for flagrant violations of the plaintiff's constitutional rights." Hearth, Inc., 617 F.2d at 382. In most cases, however, 42 U.S.C. § 1983 provides a remedy for alleged violations of constitutional rights. As explained by the Fifth Circuit:

> Congress has provided a means of seeking relief against state officials who violate the Constitution. In pertinent part, 42 U.S.C. § 1983 states that any person, acting under color of state law, who deprives a United States citizen "of any rights, privileges, or immunities secured by the Constitution" shall be liable to such citizen. Without intimating any views on the merits of appellant's due process claim, we note that no attempt

9

>has been made to invoke the protection of § 1983. It adds
>nothing to appellant's case to assume that a suit under
>§ 1983 would be subject to defenses unique to the agency
>and its officials, for such defenses would also be
>available in the hypothetical implied Fourteenth
>Amendment cause of action. With these observations, we
>hold that appellant's complaint is fatally defective in
>that it fails to state a claim upon which relief may be
>granted.

Id. at 382-83. See also Berger, 2001 WL 1085131, at *1 (explaining that the direct prosecution of constitutional causes of action is not permitted in cases in which "a statutory mechanism is available, § 1983 being a prime example", and that, when available, a plaintiff "must invoke" the protection of Section 1983 when seeking redress for an alleged deprivation of constitutional rights).

Here, the Court finds that Section 1983 provides a statutory mechanism for Kirk to raise her Fourteenth Amendment equal protection/discrimination claims, whether those claims arise under federal or state law. See e.g. Doe v. Taylor Ind. Sch. Dist., 15 F.3d 443, 484 (5th Cir. 1994)(explaining that the Supreme Court in Monroe v. Pape, 365 U.S. 167 (1961), overruled in part on other grounds, held "that the phrase 'under color of state law' includes deprivations of constitutional rights effected by state officials acting in violation of state law."). As a statutory mechanism exists whereby Kirk can seek relief on her claims alleging equal protection violations and/or discrimination, and as Kirk has invoked the protection of Section 1983 to raise these claims, see

10

Compl. (Count V), ¶¶ 116-19, the Court finds her direct action claim under the Constitution fails to state a claim upon which relief can be granted. Accordingly, the Court finds that the direct action claim alleged against Cruz and Berry in Count VI of the Complaint should be dismissed.

**3. Section 1983 Claims**

Through her Complaint, Kirk seeks relief for the "violation of her rights to equal protection under the Fourteenth Amendment to the United States Constitution and pursuant to 42 U.S.C. § 1983." Compl., ¶ 117. The equal protection claim is predicated on Kirk's allegations that she was subjected to employment discrimination on the bases of gender. Cruz and Berry first move for the dismissal of Kirk's Section 1983 claims, as alleged against them in their official capacities, on the grounds that they are not "persons" for the purposes of that statute. See Mem. in Supp. of Mot. to Dismiss. [Docket No. 8], 5 (citing, *inter alia*, Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989)(explaining that while "state officials literally are persons ..., a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the officer's office.")). In this case, however, Kirk seeks injunctive relief through her Complaint. See Compl., 31-32 (requesting that defendants be enjoined "from engaging in sexual discrimination" and

11

"from engaging in unlawful employment practices"). The Supreme Court has held that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under Section 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" Will, 491 U.S. at 71 n.10 (quoting Kentucky v. Graham, 473 U.S. 159, 167, n.14 (1985)). As a claim for injunctive relief may be brought under Section 1983 against a state actor in his official capacity, the Court finds Cruz and Berry have failed to show that Kirk's official capacity Section 1983 claim is not plausible on its face. Accordingly, the Motion to Dismiss will be denied to the extent it seeks dismissal of Kirk's official capacity Section 1983 claims.

Cruz and Berry have also moved for the dismissal of Kirk's individual capacity Section 1983 claims on the grounds of qualified immunity. The defense of qualified immunity shields government actors, who are acting within their discretionary authority, from liability unless their actions violate a clearly established statutory or constitutional right. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)(holding that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."); Mace v. City of Palestine, 333 F.3d 621, 623 (5th Cir. 2003). When determining whether a

government actor is entitled to qualified immunity, courts conduct a two-step analysis. Mace, 333 F.3d at 623. First, the court considers whether the alleged facts, "taken in the light most favorable to the party asserting the injury" show that the government official's conduct violated a statutory or constitutional right." Haggerty v. Texas S. Univ., 391 F.3d 653, 655 (5th Cir. 2004). If there is no statutory or constitutional violation, the inquiry ends and the official is entitled to qualified immunity. See Mace, 333 F.3d at 623. If, however, the factual allegations could establish a statutory or constitutional violation, the court must then "ask whether the right was clearly established - that is whether 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" Id. at 623-24 (quoting Price v. Roark, 256 F.3d 364, 369 (5th Cir. 2001). "Even if the official's conduct violates a clearly established right, the official is nonetheless entitled to qualified immunity if his conduct was objectively reasonable." Hernandez ex. rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs., 380 F.3d 872, 879 (5th Cir. 2004). Additionally, "[i]f, upon viewing the evidence in the light most favorable to the [plaintiff], reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity." Haggerty, 391 F.3d at 655 (quoting Southard v. Texas Bd. of Criminal Justice, 114 F.3d 539,

13

550 (5th Cir. 1997)).

Cruz and Berry argue that Kirk has not established a violation of her equal protection rights under the Fourteenth Amendment because "class-of-one" causes of action are not cognizable under that Amendment. Here, however, Kirk does not allege that she is a class-of-one but, instead, alleges that she was discriminated against based on her gender. See Engquist v. Oregon Dept. of Agric., 553 U.S. 591, 595 (2008)(classifying the plaintiff's equal protection claim as involving a "class-of-one" because she alleged she had been fired for "arbitrary, vindictive, and malicious reasons", and not because "she was a member of an identified class"); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)(recognizing that the hallmark of a class-of-one claim is the "allegation of arbitrary or malicious treatment [that is] not based on membership in a disfavored class."). See also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008)(explaining that the "'class of one' theory ... is unusual because the plaintiff in a 'class of one' case does not allege that the defendants discriminate against a group with whom she shares characteristics, but rather that the defendants simply harbor animus against her in particular and therefore treated her arbitrarily."). Accordingly, the Court finds Cruz's and Berry's class-of-one argument lacks merit.

Moving now to the two-prong qualified immunity analysis, the

14

Court must first consider whether Kirk has established the violation of a statutory or constitutional right. In her Complaint, Kirk alleges a violation of her equal protection rights. The Supreme Court has found that "[t]he Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). In order to maintain an equal protection claim under the Fourteenth Amendment, Kirk must allege and prove that she "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001). Here, Kirk alleges that she is female; that she applied for multiple promotions within the MDPS, that she was qualified for the positions for which she applied; that she did not receive any of the promotions for which she applied; and that all of those positions were filled by male candidates. The Court finds these allegations are sufficient to establish an equal protection violation.

Next, the Court must consider whether the right – here the right to be free from discrimination in the workplace – was clearly established at the time of the conduct about which Kirk complains. The Court finds it was. See e.g. Jackson v. Houston Ind. Sch.

15

Dist., 1999 WL 511478, at *7 (5th Cir. Jun. 29, 1999)(finding that the plaintiff had a clearly established right to be free from discrimination in employment).

Having found that Kirk has established a violation of constitutional rights that were clearly established at the time of the alleged conduct, the Court finds that Cruz and Berry have not satisfied their burden of showing that dismissal of her individual capacity Section 1983 claims is warranted based on qualified immunity. This is not to say that qualified immunity could not be invoked in this case. Instead, the Court cannot find that qualified immunity applies in this case because the only argument made by Cruz and Berry in support of this defense, i.e. there was no constitutional violation because this is a case involving a class-of-one, is not supported by existing case law.

### IV. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendants Albert Santa Cruz and Donnell Berry to Dismiss [Docket No. 7] is hereby granted in part, and denied in part.

To the extent the Motion seeks dismissal of Plaintiff's claims under Title VII of the Civil Rights Act, and under the Age Discrimination in Employment Act, (Counts I-III of the Complaint), the Motion is granted.

To the extent the Motion seeks dismissal of Plaintiff's direct action constitution claim (Count IV of the Complaint), the Motion is granted.

To the extent the Motion seeks dismissal of Plaintiff's 42 U.S.C. § 1983 claim (Count V of the Complaint), the Motion is denied.

SO ORDERED this the 3rd day of February, 2015.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE