IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OLA KIRK                                               PLAINTIFF


VS.                          CIVIL ACTION NO. 3:14-cv-537-WHB-RHW


MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;
ALBERT SANTA CRUZ, Chairman of the
MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY; and
DONNELL BERRY, Chief of the
MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY              DEFENDANTS


OPINION AND ORDER

This cause is before the Court on Plaintiff's Motion for
Attorneys' Fees and Costs.  The Court, having considered the
Motion, Response, attachments to the pleadings, as well as
supporting and opposing authorities, finds the Motion should be
granted in part, and denied in part.


I.  Background

Ola Kirk ("Kirk") filed the above referenced lawsuit in this
Court alleging claims of employment discrimination under Title VII
of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e,[1]
and constitutional rights violations in violation of 42 U.S.C. §

---

[1] Prevailing parties on Title VII claims may be awarded
reasonable attorneys' fees. See 42 U.S.C. § 2000e-5(k)(providing:
"In any action or proceeding under this subchapter the court, in
its discretion, may allow the prevailing party, ... a reasonable
attorney's fee (including expert fees) as part of the costs ...".

1983.[2]  The case was tried to a jury, which found in Kirk's favor and awarded her damages in the amount of $46,895.90.  The Judgment was later amended to include $1.00 in nominal damages against each Albert Santa Cruz and Donnell Berry.  Kirk has now moved for attorneys' fees in the amount of $269,600.00 (674 hours billed at hourly rate of $400), and costs in the total amount of $7,051.65. In response, Defendants do not challenge whether Kirk is entitled to recover attorneys' fees or costs, but do challenge the reasonableness of the number of hours and hourly rate she claims.

## II. Discussion

The United States Supreme Court has found:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

Hensley v. Eckerhart, 461 U.S. 424, 432 (1983).  See also Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993)("To determine the [attorneys' fees] award amount, the court must first calculate the

---

[2]  Prevailing parties on Section 1983 claims may be awarded reasonable attorneys' fees.  See 42 U.S.C. § 1988(b)(providing: "In any action or proceeding to enforce a provision of [Section 1983] ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs...".

"lodestar" by multiplying the number of hours reasonably spent on the litigation times a reasonable hourly billing rate."). In addition to reducing the number of compensable hours "[w]here the documentation of hours is inadequate", see Hensley, 461 U.S. at 433, the Court may also exclude hours that "are excessive, redundant, or otherwise unnecessary." Id. at 434. The Court must then "select an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases." Shipes v. Trinity Indus., 987 F.2d 311, 319 (5th Cir. 1993). "The number of compensable hours is then multiplied by the selected hourly rate to produce the 'lodestar' amount." Id. The party seeking the award of attorneys' fees bears the burden to substantiate both the requested number of hours and the hourly rate. Hensley, 461 U.S. at 437. After calculating the lodestar amount, the court must then determine whether the lodestar should be adjusted based on the factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Shipes, 987 F.2d at 320.

In support of her request for attorneys' fees, Kirk has submitted a "Records Seeking Fees and Expenses" log ("Records Log") that provides, *inter alia*, that her attorney, John Mooney ("Mooney"), had expended 674 hours working on the case, and his work was billed at an hourly rate of $400.00. See Pl.'s Mot. for Attorneys' Fees [Docket No. 144], Ex. B. The Records Log also

provides a brief description of the work performed. Id.

Defendants argue that the number of hours claimed by Kirk's attorney should be reduced because the entries in the Records Log are vague and were block billed. "The term 'block billing' refers to 'the time-keeping method by which [a lawyer] enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998). "Courts disfavor the practice of block billing because it impairs the required reasonableness evaluation. When time records are block billed, the court cannot accurately determine the number of hours spent on any particular task, and the court is thus hindered in determining whether the hours billed are reasonable." Barrow v. Greenville Indep. Sch. Dist., 2005 WL 6789456, at *4 (N.D. Tex., Dec. 20, 2005).

Here, many of the entries in the Records Log have been block billed. For example, the entry for August 18, 2015, provides: "Review file regarding upcoming [Mississippi Employment Appeal Board] hearing; and review of Motion to Dismiss and Memorandum Brief of Defendant MDPS, et al; and research." Similarly, the entry for December 30, 2015, provides: "Research and review file and promotional related issues regarding other comparators; telephone consultation with client regarding promotional matters within Agency; drafting of charge of discrimination against the Agency; and telephone conference with the office of the EEOC, Larry

Turner." Interestingly, at the time of this entry, Kirk's lawsuit had been pending in this Court for over a year, and no amendment was made to the Charge of Discrimination underlying this case. In sum, based on the numerous block-billed entries contained in the Records Log, it is impossible to ascertain what percentage, if any, of billed hours pertains to, or were necessary for, the litigation of this lawsuit.

Generally, the problem caused by block billing is remedied by performing a percentage reduction of between 10% and 30% in the number of hours claimed. See Barrow, 2005 WL 6789456, at *5 (and cases cited therein). Based on the extensive block billing performed by Kirk's attorney, which occurred well over a four-year period, the Court will reduce the claimed number of hours by 25 percent.

Next, Defendants argue that the number of hours claimed by Kirk's attorney should be reduced because of lack of billing judgment, which refers "to the usual practice of law firms in writing off unproductive, excessive, or redundant hours." Depriest v. Walnit Grove Corr. Auth., 2017 WL 4228751, at *4 (S.D. Miss. 2017). The complained of lack of billing judgment is predicated on the significant amount of time Kirk's attorney spent on research and generically reviewing the file, and a review of the Records Log reveals that it contains many entries listing unspecified research, and other entries indicating that research memoranda were created

for the file.  <u>See</u> Ex., Mot. for Attorneys' Fees, Ex. B (entry for July 4, 2014, providing: "Research and memorandum to the file regarding violation of the Equal Protection Clause  ..."); <u>id.</u> (entry for July 7, 2014, listing "research" among the other tasks performed that day).  The lack of billing judgment is also predicated on Kirk's attorney having spent considerable amounts of time working on non-complex matters.  <u>See</u> <u>ex.</u> <u>id.</u> (entries of October 26-28, 2015, indicating that Kirk's attorney billed a total of 3.5 hours working on a three-page joint Motion to Extend the Case Management Deadlines).  Based on the excessive number of hours billed for non-complex tasks and generic research that has not been shown to have had any bearing on this case, the Court will reduce the claimed number of hours by an additional 25 percent.

Defendants also argue that the hours Kirk's attorney billed for the work he did while representing her before the Mississippi Employees Appeals Board ("EAB") should be excluded because that work was not necessary for this litigation.  While Kirk's attorney claims that the documents and evidence obtained through the EAB matter "greatly assisted" in the litigation of this lawsuit, he has not cited to any case law suggesting that the EAB proceeding can be considered an action or proceeding under Title VII or Section 1983 for which attorney fees may be awarded.  Accordingly, the Court will strike the 80.5 hours attributable to the EAB proceeding. Additionally, having reviewed the Records Log, the Court finds

there are multiple entries for tasks that should have been performed by clerical or paralegal workers including handling matters related to service of process, filing execute summons with the clerk of court, finalizing motions and other pleadings, etc. For this reason, the Court will strike an additional 10 hours.

Thus, having reviewed the Records Log, the Court finds a fifty percent reduction should be taken based on the block billing and lack of billing judgment evidenced therein. With this reduction, the 674 hours claimed is reduced to 337 hours. The Court additionally finds that the 80.5 hours claimed for AEB-related matters, and the 10 hours attributable to clerical/paralegal work should struck thereby resulting in 246.50 allowed hours.

The court next considers the question of reasonable hourly rate. In making this determination, the Court must consider "the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). Here, Kirk requests an hourly rate of $400 for her attorney. As the moving party, Kirk must demonstrate "that the requested rate [is] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. at 895 n.11.

Kirk has submitted the affidavits of two attorneys who aver that the current local hourly rate for an attorney with the experience and reputation as has hers is between $325 and $400 per

7

hour.  <u>See</u> Mot. for Attorneys' Fees, Exs. D and E.  District judges in Jackson, Mississippi, have found that the reasonable hourly rate for experienced trial attorneys in employment discrimination matters in this area averages between $200 and $325 per hour.  <u>See e.g.</u> <u>Brown v. Mississippi Department of Health</u>, 3:11-cv-146, <u>slip op.</u>, at 6 (S.D. Miss. Mar. 5, 2012)(J. Reeves)(finding, in an employment discrimination case that had been tried to a jury, that 220 hours represented a reasonable number of hours spent on litigation, and $250-300 represented a reasonable hourly rate for an experienced attorney specializing in employment discrimination matters).  Upon consideration, the Court finds that a reasonable hourly rate for Kirk's attorney in this case is $275 per hour. Multiplying the reasonable number of hours (246.5) with the reasonable hourly rate ($275), shows that Kirk is entitled to an attorneys' fees award of $67,787.50.

Having performed the required calculation, the Court must next determine whether the lodestar amount should be increased or decreased based on the factors identified in <u>Johnson v. Georgia Hwy. Exp., Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974).  The <u>Johnson</u> factors are:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary

fee; (6) whether the fee is fixed or contingent[3]; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

On consideration, the Court must be careful "not to double count a <u>Johnson</u> factor already considered in calculating the lodestar when it determines the necessary adjustments." <u>Shipes</u>, 987 F.2d at 320.

In the present case, the Court has already considered the time and labor required to litigate this case, the customary attorney fee, and the experience and reputation of Kirk's attorney. These factors will not be again considered. The Court also finds that the case did not present novel or difficult questions or claims that required unique skills to litigate. Additionally, the case was fully tried in three days, and with a minimal number of witnesses and exhibits.

While Kirk's attorney indicates that the case created some employment preclusion and created some time limitations, most of preclusion about which he complains resulted from other disputes in which he is representing Kirk. <u>See</u> Mot. for Atty. Fees, Ex. C (Mooney Aff.), ¶ 4. As for the result obtained, while the claims

---

[3] This factor is no longer a proper consideration. <u>See</u> <u>Walker v. United States Dep't of Hous. & Urban Dev.</u>, 99 F.3d 761, 772 (5th Cir. 1996)(citing <u>City of Burlington v. Dague</u>, 505 U.S. 557, 567 (1992)).

were decided in Kirk's favor, she was awarded less than $50,000 on her Title VII claims, and nominal damages in the amount of $2 on her Section 1983 claims. Finally, the Court finds nothing in this case was undesirable as evidence by the fact Kirk's attorney is currently representing her in several other employment-related matters. Finally, the lodestar amount is consistent with the amount of attorneys' fees awarded in other local employment discrimination cases. See e.g. Brown, 3:11-cv-146, slip op., at 6 (finding reasonable, in an employment discrimination case, the award of attorneys' fees for 220 worked at hourtly rates between $250-300). For these reasons, the Court finds that neither an increase nor decrease in the lodestar amount is warranted in this case.

Kirk has moved for costs in the amount of $5,355.65. As these costs have already been taxed by the Clerk of Court, see [Docket No. 126], the Court finds Kirk's Motion for these costs should be denied as unnecessary. Kirk also seeks additional costs in the amount of $1,696.00 that she paid for copies of her EAB hearing transcript. Kirk, however, has not shown that she obtained the administrative hearing transcript for use in this case as required to award costs under 28 U.S.C. § 1920. Accordingly, that request will be denied.

In sum, the Court finds Kirk should be awarded attorneys' fees in the amount of $67,787.50 as the prevailing party on her Title

VII and Section 1983 claims.  No additional costs will be awarded
at this time.


### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorneys'
Fees and Costs [Docket No. 144] is hereby granted in part, and
denied in part.  Plaintiff will be awarded $67,787.50 in attorneys'
fees, and will not be awarded any additional costs.

SO ORDERED this the 27th day of September, 2018.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE